JOHN THIELEN *vs.* NELLIE RICHARDSON and others.

September 11, 1886.

Estoppel—Warranty Deed—After-acquired Title.—In 1851, C. executed to R. a warranty deed of certain real estate. In 1857, B. owned the real estate, but when, how, or from whom he got title, and whether his title was adverse or subordinate to the title which C. had assumed to convey, and what was the condition of the title prior to 1857, does not appear. In 1857, B. conveyed to C. *Held* that, on these facts, C. is not estopped by his warranty to assert against R. the title thus acquired from B.

The plaintiff, being in possession of certain real estate in Minneapolis, brought this action in the district court for Hennepin county, to determine the adverse claims of the defendants. In their answer the defendants allege title in themselves to an undivided one-half of the property. On the trial, before *Young*, J., it was admitted that on October 27, 1857, Pierre Bottineau was owner of the premises in question, and conveyed the same to Patrick Cary and Patrick Dwyer; that the plaintiff has title by conveyances from Cary and Dwyer, unless Cary, prior to his conveyance to plaintiff's grantor, conveyed his interest to defendants' ancestor; and that this action was commenced more than twenty years after the death of. Cary. In addition to the admitted facts, the court found as facts that plaintiff and his grantors have been in actual possession continuously since 1857; that on September 15, 1851, Patrick Cary executed and delivered a warranty deed, recorded prior to 1857, of an undivided one-half of the

property to William Richardson, who was the father of two of the defendants, and who died in 1857. As conclusions of law the court found that the warranty deed to William Richardson would operate as a conveyance of Cary's after-acquired interest, although, at the time the deed was executed, he in fact had no title; but that this title was defeated by plaintiff's possession. Judgment was directed for plaintiff, and defendants appeal from an order refusing a new trial.

*Smith & Reed* and *M. Heim*, for appellants.

*R. R. Odell* and *A. J. Shores*, for respondent.

GILFILLAN, C. J.    September 15, 1851, Patrick Cary and wife executed to Richardson a warranty deed of an undivided one-half of the premises in question. It does not appear that at that time Cary did not have the title, nor that the covenant was not fully performed by the execution of the deed. Nothing appears as to the state of the title prior to 1857, when, as the parties agree, it was in Pierre Bottineau, but when, how, or from whom he got it, or whether his title was adverse or subordinate to the title Cary assumed to convey, does not appear. In 1857, Bottineau conveyed to Cary and Dwyer, and defendants claim that the title, then passed to Cary, vested at once in Richardson by virtue of the warranty in the deed of 1851. It did not so vest unless the assertion of that title by Cary would have been a violation of the covenant. In an action by Richardson against Cary for a breach of it, the breach would not be shown merely by showing that Bottineau had successfully asserted against Richardson a title not shown to exist prior to 1857. To establish a breach, it would be necessary to show that Bottineau recovered by virtue of a title anterior and superior to that which Cary assumed to convey by his deed in 1851; and, if Bottineau's recovery upon it would not have constituted a breach of the covenant, the assertion of it by Cary would not be contrary to the covenant. The covenant estops the covenantor only from subsequently asserting a title, adverse to what he assumed to convey, which, if successfully asserted, will defeat the conveyance. After the conveyance, title might arise in several ways, as by judgment sale, tax sale for taxes levied after it, and the like; the successful assertion of which would not make out a breach of the covenant, and which the covenant would not estop the covenantor to as-

sert, for the assertion of it would not tend to defeat the conveyance. Upon the facts here appearing it cannot be said that the title which, in 1857, Bottineau, as is conceded, had and conveyed to Cary, did not remain in the latter till it was transferred to the plaintiff.

There was not sufficient evidence of adverse possession.

Order affirmed.